UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10363-RGS

UNITED STATES

v.

BARRY J. CADDEN ET AL.

ORDER ON SETTING REASONABLE TIME LIMITS
FOR THE TRIAL OF DEFENDANT GLENN A. CHIN

February 21, 2017

STEARNS, D.J.

The court intends to commence the trial of defendant Glenn A. Chin following the conclusion of the trial of co-defendant Barry J. Cadden (currently in its second month). For the reasons to be explained, the court will order the government and the defense to submit proposed time limits on the presentation of the Chin case to the jury.

Federal courts have considerable authority when it comes to managing their dockets. *Sec'y of Labor v. DeSisto*, 929 F.2d 789, 795-796 (1st Cir. 1991). This includes the ability to impose reasonably strict time limits on jury trials. *See id.* at 795. This inherent authority is reinforced by the Federal Rules of Evidence, which are to "be construed so as to . . . eliminate unjustifiable expense and delay." Fed. R. Evid. 102. Specifically, the court

has the power to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . avoid wasting time," Fed. R. Evid. 611(a)(2), and to exclude even relevant evidence on the basis of wasted time or the needless presentation of cumulative evidence, Fed. R. Evid. 403. These powers give life to the adage that "it has never been supposed that a party has an absolute right to force upon an unwilling tribunal an unending and superfluous mass of testimony limited only by his own judgment and whim." *MCI Commc'ns Corp. v. Am. Tel. & Tel. Co.*, 708 F.2d 1081, 1171 (7th Cir. 1983), quoting 6 Wigmore, *Evidence* § 1907 (1976).

Although more common in civil cases, "setting time limits in a criminal trial is equally authorized." *United States v. Cousar*, 2007 WL 4456798, at *2 (W.D. Pa. Dec. 16, 2007); *accord United States v. Hildebrand*, 928 F. Supp. 841, 849 (N.D. Iowa 1996). Indeed, the First Circuit has specifically acknowledged the court's authority to "impos[e] reasonable time limits on both civil and criminal trials in the exercise of the court's reasonable discretion." *DeSisto*, 929 F.2d at 795, citing *United States v. Reaves*, 636 F. Supp. 1575, 1578 (E.D. Ky. 1986); *accord United States v. DeCologero*, 364 F.3d 12, 25 (1st Cir. 2004). The ability to regulate proceedings in this manner serves several beneficial purposes. As a practical matter, it enables the court to efficiently manage its docket. *See DeSisto*, 929 F.3d at 795-796. It also

recognizes and ameliorates the substantial burden a drawn-out trial places on jurors. *Cousar*, 2007 WL 4456798, at *2. Finally, it promotes a more efficient presentation of the case, which not only improves the quality of jury comprehension, *see United States v. Warner*, 506 F.3d 517, 521-524 (7th Cir. 2007) (op. dissenting from denial of rehearing *en banc*), but also eliminates "[n]umerous objections or *sua sponte* interruptions by the court to debate what evidence is repetitious or cumulative," *Reaves*, 636 F. Supp. at 1580. As the court's present and past experience teaches, time limits focus the presentations of the attorneys to the benefit of the jurors, the court, and ultimately the lawyers themselves.

The court has additional concerns about the phenomenon of megatrials, that is, trials the duration of which is measured in months rather than weeks. These trials, which consume an inordinate amount of the court's time and focus, inevitably have an impact on the rights of other litigants who have equally pressing matters that do not get the attention they deserve as a result. They also drain the resources of the court, both financially and in person-hours, a burden that ultimately falls on taxpayers. And for the increasingly rare defendant who can afford a defense in a lengthy criminal trial, megatrials impose crushing costs and even the Hobson's choice between bankruptcy and vindication. Of greater concern, megatrials

3

effectively eliminate from the available venire those jurors who cannot afford to take extended absences from their jobs, or who cannot afford the extra costs of child or parental care that months of service may entail, leaving largely jurors who are either retired or who, in a few fortunate instances, have employers willing to fund unlimited jury service. This risks undermining the representativeness of the jury eventually selected to serve. Megatrials finally tax the resources of the government itself by encouraging the over-indictment of cases and by drawing prosecutorial attention from other cases of equally pressing public concern.

The court's imposition of time limits or other restraints on trial time must, of course, be reasonable. *DeSisto*, 929 F.3d at 795. The court's discretion must be guided by an assessment of the complexity of the case to ensure that the parties can "present[] sufficient evidence on which to base a reliable judgment." *Id.* at 796. For example, the court cannot arbitrarily exclude or limit witnesses. *See, e.g.*, *United States v. Colomb*, 419 F.3d 292, 299-302 (5th Cir. 2005); *DeSisto*, 929 F.2d at 794-796. In the criminal context, time limits must also account for special considerations not present in civil cases. In particular, a court must respect a defendant's right to testify in his own defense and his right to confront the witnesses against him. *See United States v. Morrison*, 833 F.3d 491, 504-505 (5th Cir. 2016), *cert.*

4

*denied*, 2017 WL 670543 (Feb. 21, 2017). The court must also respect the prosecution's prerogative to choose the offenses to try, *see DeCologero*, 364 F.3d at 23-25; *United States v. Zabawa*, 39 F.3d 279, 283-285 (10th Cir. 1994); as well as the government's need to meet its burden of proof on each count, *see Colomb*, 419 F.3d at 300.

The court believes that these concerns are balanced most efficiently by giving each party a set period of time to present its case, rather than attempting to set time limits for individual witnesses or counts. This procedure leaves each side "free to make individual tactical and methodological choices within these limits . . . concerning whom it will call to testify and what other evidence it will introduce." *Id.* at 299 n.15; *accord Reaves*, 636 F. Supp. at 1580; *cf. DeCologero*, 364 F.3d at 23 (although general time limits may "have the effect of restricting each side's proof," they ensure that "each side still retains control of *what* it will prove in the time available").

To enable the court to set reasonable time limits on the length of the Chin trial, each party is ordered to provide to the court its estimate of the amount of time (expressed in hours) needed to present its case-in-chief (exclusive of cross examination). Each side is also invited to provide, *ex parte* and under seal, additional information to assist the court in its ultimate

5

determination, such as lists of expected witnesses and comments on factors that it believes will affect the length of time required. The deadline for these submissions is March 15, 2017.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE