UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Criminal No.: 14-cr-10363-RGS-2 |
| v. | ) ) |  |
| GLENN A. CHIN | ) ) |  |
| Defendant | ) ) |  |

### DEFENDANT'S OPPOSITION TO GOVERNMENT'S
### MOTION TO REVISE TIME LIMITS FOR TRIAL

    Defendant Glenn A. Chin opposes the government's motion (Docket 1152) for the court to revise the time limits for the trial set out in the court's order of June 27, 2017 (Docket 1145).[1] Originally the government requested 75 hours for trial. In its order dated June 27, 2017 the court gave the government 60 hours of trial time. In its motion, the government requests that the court increase the time allowed for the government to present its case-in-chief from 60 hours to 100 hours, inclusive of cross-examination, and in the motion the government makes no mention of the original 75 hour limit.

    In its 2/21/17 order on setting reasonable time limits (Docket 926), referenced in its 6/27/17 order, the court set out in detail the considerations on which it relied in setting the time limits. The time limits set out in the 6/27/17 order fairly balance the considerations summarized in the 2/21/17 order. Having earlier this year presided over the months-long trial of Barry Cadden, a codefendant of Mr. Chin who was facing similar charges as Mr. Chin, the court is well

---

[1] The government captions its motion as a motion for clarification regarding time limits for trial, but in the body of the motion it seeks revision of the time limits.

positioned to assess the complexity of the case and set time limits adequate to ensure that the parties can present sufficient evidence on which to base a reliable judgment, while avoiding wasting time and the needless presentation of cumulative evidence.

The time limits set out in the 6/27/17 order reflect the court's experience with the Cadden trial and prior trials presided over by the court, demonstrated by the court's observation in its 2/21/17 order, issued about six weeks into the Cadden trial, where the court states: "As the court's present and past experience teaches, time limits focus the presentations of the attorneys to the benefit of the jurors, the court, and ultimately the lawyers themselves." Order On Setting Reasonable Time Limits for the Trial of Defendant Glenn A. Chin, Docket 926 (February 21, 2017), 3. As the court also acknowledges in its 2/21/17 order, among other factors favoring the avoidance of "megatrials" is the fact that a shorter trial helps assure a more representative cross-section of the public will be able to serve on the jury. Id. at 3-4.

Also, of course, the court acknowledges in its 6/27/17 order that it will expand the times allotted upon a showing of necessity as the trial proceeds.

For the above stated reasons, the court should deny the government's request.

> Respectfully submitted,
>
> GLENN A. CHIN, defendant,
> By his attorney,
>
> */s/ Stephen J. Weymouth*
> Stephen J. Weymouth, BBO #523680
> 65a Atlantic Avenue
> Boston, MA 02110
> 617-573-9598
> sweymouth@sweymouthlaw.com

June 30, 2017

Certificate of Service

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

June 30, 2017                               */s/ Stephen J. Weymouth*
                                            Stephen J. Weymouth