# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|                              |   |                          |
|------------------------------|---|--------------------------|
| UNITED STATES OF AMERICA )   |   |                          |
|    Plaintiff  ) |   |                          |
|                              ) |   |                          |
| v.                           ) |   | DOCKET NO.  1:14CR10363  |
|                              ) |   |                          |
| GLENN A. CHIN                ) |   |                          |
|    Defendant  ) |   |                          |

### DEFENDANT'S MOTION IN LIMINE REGARDING CERTAIN RULINGS ON MOTIONS IN LIMINE IN U.S. V. CADDEN

As instructed by the court at the April 25, 2017 pretrial conference, Glenn A. Chin, the defendant, has reviewed the court's January 3, 2017 order (Docket no. 834) on various motions in limine that had been filed by the parties in the matter of U.S. v. Cadden, the trial of which took place earlier this year, in order to determine whether some or all of those orders might be appropriate for the upcoming Chin trial. Because the government has not yet provided Mr. Chin with its witness list or exhibit list, the extent to which the court's rulings on the Cadden motions in limine will be relevant to the Chin trial cannot yet be determined with precision. With that caveat, Mr. Chin seeks rulings as follows:[1]

1. Motions to Exclude Expert Testimony and Opinion Testimony, Docket nos. 790 and 791: Mr. Chin moves that the court order, as it did in Docket no. 834, that: (a) the testimony of any FDA inspectors who are not designated and qualified as expert witnesses be limited to their percipient observations, and such testimony

---

[1] In addition to its 1/3/17 orders on motions in limine relating to the Cadden trial set out in docket no. 834, the court issued orders from time to time during the course of the Cadden trial on later-filed motions in limine. Mr. Chin reserves the right to seek rulings from the court as to issues addressed in those post-1/3/17 orders as well as, of course, rulings on any motions in limine that Mr. Chin may file.

not include any inspector's opinion regarding any alleged violations of the Food, Drug, and Cosmetic Act's ("FDCA") adulteration provision, other provisions of the FDCA, USP 797, or any other statute or regulation; (b) evidence of alleged deviations by NECC from Good Manufacturing Practices Standards be excluded; and (c) any expert witnesses be precluded from testifying to the witnesses' opinion of criminal guilt.

2. Motion to Exclude Unreliable Hearsay Evidence, Docket 792: Mr. Chin moves that the court order, as it did in Docket 834, that any such statements offered for their truth that do not satisfy an exception to the hearsay rule and the requirements of the Sixth Amendment Confrontation Clause be excluded.

3. Motion to Exclude Evidence of the Koch Litigation, Docket 793: While it is unlikely the government intends to introduce evidence regarding the case <u>Koch v. New England Compounding Pharmacy, Inc.</u> at Mr. Chin's trial, in the event it were to try to do so Mr. Chin moves that the court order, as it did in Docket 834, that such evidence be excluded.

4. Motion to Exclude Evidence of Defendant's Wealth and Assets During Guilt Phase of Trial, Docket 796: While it is unlikely the government intends to introduce evidence of Mr. Chin's wealth and assets at trial, in the event it were to do so Mr. Chin moves that the court order with regard to him, as it did in Docket 834 with regard to Mr. Cadden, that such evidence be excluded.

5. Motion to Exclude Consumer Complaints, Medwatch Reports, and FDA Inspection Reports, Docket 816: It is premature for Mr. Chin to move regarding

these types of evidence until the government discloses to Mr. Chin the evidence that it intends to introduce.

6. Motion to Exclude Evidence of Details of Deaths Charged in Count 1 and All Evidence of Deaths and Injuries Not Charged In The Indictment, Docket 814: Mr. Chin moves that the court order, as it did in Docket 834, that: (a) evidence of specific deaths and injuries that are not charged or alleged in the indictment be excluded; and (b) the court's rulings on proposed exhibits, particularly those that are deemed unfairly or unduly prejudicial because of their gruesome and/or cumulative nature, be reserved for trial.

7. Motion to Exclude Evidence of Environmental Monitoring Requirements Other than Required by USP 797, Docket 811: The court denied (in Docket 834) Mr. Cadden's motion except as to NECC's Standard Operating Procedures (SOPs) predating January 2012. For the reasons stated in Docket 811, Mr. Chin moves that the court reconsider its ruling, and preclude the government from relying on anything but USP 797's environmental monitoring standards at trial.

8. Motion to Exclude Out of Specification (OOS) Evidence, Docket 818: It is premature for Mr. Chin to move regarding OOS evidence until the government discloses to Mr. Chin the OOS evidence, if any, that it intends to introduce.

9. Motion to Exclude Evidence of a Nearby Recycling Plant, Docket 812: Mr. Chin moves that the court order, as it did in Docket 834, that the government may elicit the fact of a nearby recycling plant and conditions at NECC that can be shown to be attributable to the plant, but may not elicit evidence of alleged violations of federal or state environmental laws and regulations concerning the plant itself.

10. Motion to Exclude Defendant's Refusal to Answer Questions Posed by FDA Investigators, Docket 815: Mr. Chin moves that the court order, as it did with regard to Mr. Cadden in Docket 834, that the government be precluded from introducing evidence of Mr. Chin declining to answer FDA investigators' questions or provide the FDA with information he was under no obligation to provide.

11. Motion to Exclude Testimony of Steve Johnson, Docket 813: While the government has not yet provided Mr. Chin with its witness list, so the relevance of this motion is not clear with regard to Mr. Chin's trial, Mr. Chin moves that the court order, as it did in Docket 834, that evidence of alleged violations of state environmental laws by the owner of the building housing NECC be excluded at trial.

12. Government's motion to admit summary exhibits, Docket 785: Mr. Chin accepts the court's ruling, in Docket 834, that summary charts may be admitted; he reserves the right, recognized in Docket 834, to object to specific charts as the trial progresses.

13. Government's motion to preclude evidence of civil liability settlements in the multidistrict litigation (MDL), Docket 784: Mr. Chin recognizes that in Docket 834 the court allowed the government's motion, despite Mr. Cadden's opposition as set out in Docket 797. Mr. Chin adopts the arguments set out in Docket 797, and for the reasons stated therein urges the court to reconsider its ruling.

Respectfully submitted,

GLENN A. CHIN, defendant,
By his attorney,

*/s/ Stephen J. Weymouth*
Stephen J. Weymouth, BBO #523680
65a Atlantic Avenue
Boston, MA 02110
617-573-9598
sweymouth@sweymouthlaw.com

July 6, 2017

Certificate of Service

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

July 6, 2017                              */s/ Stephen J. Weymouth*
                                          Stephen J. Weymouth