UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10363-RGS

UNITED STATES

v.

GLENN A. CHIN

ORDER ON MOTION OF TRUSTEES
OF BOSTON UNIVERSITY TO INTERVENE
AND TO UNSEAL JUROR NAMES AND ADDRESSES

October 27, 2017

STEARNS, D.J.

On October 18, 2017, the Trustees of Boston University filed this motion to intervene in this case seeking to obtain the names and home addresses of the jurors who volunteered their service in the trial of *United States v. Glenn Chin*. The motion to intervene for this limited purpose is <u>ALLOWED</u>. The motion to unseal juror names and home addresses is <u>DENIED</u> without prejudice. Consistent with its ruling on the identical motion filed in *United States v. Barry Cadden*, this court will release the names and home towns of the jurors following sentencing (now scheduled for January 30, 2018). The court will consider an earlier release of the juror list upon submission by the Intervenor of an appropriate protective order that is, consistent with Judge Young's ruling on a similar request in *United*

*States v. Wright*, Cr. No. 15-10153 (Dkt # 357), crafted to insure against any unnecessary dissemination of the jurors' personal identification in the news media or over the internet (without a juror's express assent).   While the court respects the role of the media in promoting "the public's long-term interest in maintaining an open judicial process," *In re Globe Newspaper Co.*, 920 F.2d 88, 91 (1st Cir. 1990), it will not release jurors' home addresses.   As Judge Young observes in his Order, this is consistent with Judicial Conference policy, and as I have said previously, a necessary precaution in an age in which traditional boundaries of personal privacy are under assault. While jurors serve in an important public capacity, it is a role thrust upon them as a duty of citizenship.   The extent to which such service might compromise a juror's personal life once that service is concluded should be a matter in which the juror has the maximum say constitutionally possible.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE