UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:14-cr-10363-RGS-2 |
| ) | |
| GLENN A. CHIN, ) | |
| Defendant. ) | |

## **ORDER OF FORFEITURE (MONEY JUDGMENT)**

**STEARNS, D.J.**

WHEREAS, on December 16, 2014, a federal grand jury sitting in the District of Massachusetts returned a 131-count Indictment charging defendant Glenn A. Chin and 13 other individuals with a number of crimes;

WHEREAS, the defendant was charged with Racketeering, in violation of Title 18, United States Code, Section 1962(c) (Count 1), Racketeering Conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count 2), Mail Fraud, in violation of Title 18, United States Code, Section 1341 (Counts 4-31, 36, 38, 44-56), Introduction of Adulterated Drugs into Interstate Commerce with Intent to Defraud and Mislead – Insanitary Conditions, in violation of Title 21, United States Code, Sections 351(a)(2)(A), 331(a), and 333(a)(2) (Counts 57-84, 89-90), Introduction of Misbranded Drugs into Interstate Commerce with Intent to Defraud and Mislead – False and Misleading Labeling, in violation of Title 21, United States Code, Sections 352(a), 331(a), and 333(a)(2) (Counts 93-94), and Aiding and Abetting, in violation of Title 18, United States Code, Section 2 (Counts 57-84, 89-90, and 93-94);

WHEREAS, the Indictment contained a Racketeering Forfeiture Allegation, pursuant to Title 18, United States Code, Section 1963, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Counts 1 and 2 of the Indictment, of the following:

    a. any interest acquired or maintained in violation of Title 18, United States Code, Section 1962;

    b. any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962;

    c. any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of Title 18, United States Code, Section 1962;

    d. any and all salaries, bonuses, stock distributions, retirement contributions and accounts, health and life insurance benefits including premium payments, and any and all other benefits obtained through employment by and association with the entities named in the racketeering enterprise alleged in Counts 1 and 2 from 2006 through October 2012;

WHEREAS, the Indictment also contained a Mail Fraud Forfeiture Allegation, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Counts 4-31, 36, 38, 44-56 of the Indictment, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses;

WHEREAS, the Indictment also contained a Food, Drug, and Cosmetic Act ("FDCA") Forfeiture Allegation, pursuant to Title 21, United States Code, Section 334 and Title 28, United States Code, Section 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Counts 57-84, 89-90, and 93-94 of

the Indictment, of any quantities of drugs described in those Counts that were introduced into interstate commerce in violation of Title 21, United States Code, Sections 351(a)(2)(A), 352(a), 353(b)(1), 331(a), and/or 333(a)(2);

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant(s), (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to Title 18, United States Code, Section 1963(m), and Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c);

WHEREAS, on October 25, 2017, after a 27-day jury trial, a jury found the Defendant guilty of all 77 counts of the Indictment: Count 1 (Racketeering), Count 2 (Racketeering Conspiracy), Counts 4-31, 36, 38, and 44-56 (Mail Fraud), Counts 57-84, 89 and 90 (Introduction of Adulterated Drugs), and Counts 93-94 (Introduction of Misbranded Drugs);

WHEREAS, the United States, upon the exercise of due diligence, is unable to locate all of the proceeds, in part because the proceeds were spent by the Defendant and otherwise distributed or co-mingled with other funds;

WHEREAS, for the reasons set forth in the *Memorandum and Order on Forfeiture of Property* (Docket No. 1448), the United States is entitled to an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant in the amount of

3

$175,000 in United States currency, pursuant Title 18, United States Code, Sections 1963; and

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $175,000 in United States currency, pursuant to 18 U.S.C. § 1963 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure.

2. This Court shall retain jurisdiction in the case for the purpose of enforcing the forfeiture.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 1963, any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included an amended criminal judgment entered by this Court against the Defendant.

SO ORDERED.

_____
RICHARD G. STEARNS
United States District Judge

Dated: 3-6-18.